McGREGOR W. SCOTT
United States Attorney
MARK J. McKEON
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:15-cr-00179-LJO |
| Plaintiff, | PLEA AGREEMENT |
| BAHAR GHARIB-DANESH, D.C., | DATE: TO BE SET<br>TIME: TO BE SET<br>COURT: HON. LAWRENCE J. O'NEILL |
| Defendant. | |

Pursuant to Rule ll(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGregor W. Scott, the United States Attorney for the Eastern District of California, and Assistant United States Attorney Mark J. McKeon; and Defendant BAHAR-GHARIB-DANESH, D.C. (hereinafter "defendant" or "GHARIB-DANESH"), and Richard Alan Moss and Daniel A. Bacon, attorneys for defendant GHARIB-DANESH, have agreed as follows.

## I.   **INTRODUCTION**

### A.   **Scope of Agreement.**

The Superseding Information in this case charges the defendant GHARIB-DANESH with a violation of 18 U.S.C. §§ 1347, 2(a) – Aiding and Abetting Health Care Fraud. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other

PLEA AGREEMENT – GHARIB-DANESH                    1

federal, state, or local prosecuting, administrative, or regulatory authorities.

**B.     Court Not a Party.**

The Court is not a party to this plea agreement.  Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the Superseding Information.  The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, she will remain bound to fulfill all of the obligations under this plea agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

**II.     DEFENDANT'S OBLIGATIONS**

**A.     Guilty Pleas.**

Defendant GHARIB-DANESH will plead guilty to Count Two of the Superseding Information, Aiding and Abetting Health Care Fraud, in violation of 18 U.S.C. §§ 1347, and 2(a).  The defendant agrees that she is in fact guilty of this charge and that the facts set forth in the Factual Basis for Plea attached hereto as Appendixes A and B are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case.  The defendant understands and agrees that she will not be allowed to withdraw her plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by her in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement.  The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

1           1.     Waiver of Indictment:

2        The defendant acknowledges that under the United States Constitution she is entitled to be

3 indicted by a grand jury on the charges to which she is pleading guilty and that pursuant to

4 Fed.R.Crim.P. 7(b) she agrees to waive any and all rights she has to being prosecuted by way of

5 indictment to the charges set forth in the information.  The defendant agrees that at a time set by the

6 Court, she will sign a written waiver of prosecution by Indictment and consent to proceed by

7 Information rather than by Indictment.

8           2.     Package Agreement:

9        The defendant acknowledges and understands that the plea offer made to her here by the

10 government is a "package offer."  That is, the defendant understands that the offer made to her is

11 conditioned on PAIN FREE DIAGNOSTICS, INC., a California Corporation, dba Pain Free

12 Management (hereinafter, "PFM"), pleading guilty according to the terms of its Plea Agreement.  The

13 defendant understands that if PFM declines, refuses or fails to plead guilty according to its respective

14 offer, then, at the option of the government, she will not be allowed to enter a plea of guilty to the offer

15 made by the government.  Additionally, if PFM fails or refuses to enter its plea according to its

16 respective offer and defendant GHARIB-DANESH already entered her plea, or if PFM fails to pay the

17 stipulated restitution set out in its plea agreement prior to defendant GHARIB-DANESH's scheduled

18 appearance for sentencing, then this plea agreement is voidable at the option of the government.  In its

19 sole discretion, the government has the ability to withdraw from the plea agreement and pursue the

20 original charges.  However, the defendant's waiver of her rights under Rule 11(f) and Fed. R. Evid. 410,

21 as set forth in Section II.A herein, will not operate.

22        Recognizing that this is a package offer, defendant GHARIB-DANESH confirms that she has not

23 been threatened, pressured, or coerced by any other person, to enter into this plea agreement.  The

24 defendant also confirms that she enters into this plea agreement voluntarily because she is in fact guilty

25 of the offense to which she is pleading guilty.

26       **B.**    **Restitution.**

27        The victims of the fraudulent claims charged in Count Two of the Superseding Information are

28 identified in Appendix "B" hereto.  These claims were not paid by the insurance companies, and

PLEA AGREEMENT – GHARIB-DANESH       3

1 | therefore there is no restitution owing by defendant GHARIB-DANESH.

2

3 | **C.**     <u>Fine.</u>

4 | The parties agree that no fine is appropriate in this case.

5 | **D.**     <u>Special Assessment.</u>

6 | Defendant GHARIB-DANESH agrees to pay a special assessment of $100 at the time of

7 | sentencing by delivering a check or money order payable to the United States District Court to the

8 | United States Probation Office immediately before the sentencing hearing. The defendant understands

9 | that this plea agreement is voidable at the option of the government if she fails to pay the assessment

10 | prior to that hearing.

11 | **E.**     <u>Violation of Plea Agreement by Defendant/Withdrawal of Plea.</u>

12 | If a defendant, cooperating or not, violates this plea agreement in any way, withdraws her plea,

13 | or tries to withdraw her plea, this plea agreement is voidable at the option of the government. If the

14 | government elects not to void the agreement based on the defendant's violation, the government will no

15 | longer be bound by its representations to the defendant concerning the limits on criminal prosecution

16 | and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or

17 | providing or procuring any statement or testimony which is knowingly false, misleading, or materially

18 | incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct

19 | constituting obstruction of justice. Varying from stipulated Guidelines application or agreements

20 | regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally

21 | or through counsel, also constitutes a violation of the plea agreement. The government also shall have

22 | the right (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate

23 | any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that

24 | would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to

25 | prosecution for any federal criminal violation of which the government has knowledge. The decision to

26 | pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

27 | By signing this plea agreement, the defendant agrees to waive any objections, motions, and

28 | defenses that the defendant might have to the government's decision. Any prosecutions that are not

PLEA AGREEMENT – GHARIB-DANESH       4

1  time-barred by the applicable statute of limitations as of the date of this plea agreement may be

2  commenced in accordance with this paragraph, notwithstanding the expiration of the statute of

3  limitations between the signing of this plea agreement and the commencement of any such prosecutions.

4  The defendant agrees not to raise any objections based on the passage of time with respect to such

5  counts including, but not limited to, any statutes of limitation or any objections based on the Speedy

6  Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as

7  of the date of this plea agreement.  The determination of whether the defendant has violated the plea

8  agreement will be under a probable cause standard.

9      In addition, (1) all statements made by the defendant to the government or other designated law

10  enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,

11  whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or

12  administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no

13  claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal

14  Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by

15  the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.

16  By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

17      **F.    <u>Agreement to Cooperate.</u>**

18      Defendant GHARIB-DANESH agrees to cooperate fully with the government and any other

19  federal, state, or local law enforcement agency, as directed by the government.  As used in this plea

20  agreement, "cooperation" requires the defendant:  (1) to respond truthfully and completely to all

21  questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at

22  any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other

23  proceedings at which the defendant's presence is requested by the government or compelled by

24  subpoena or court order; (3) to produce voluntarily any and all documents, records, or other tangible

25  evidence requested by the government; (4) not to participate in any criminal activity while cooperating

26  with the government; and (5) to disclose to the government the existence and status of all money,

27  property, or assets, of any kind, derived from or acquired as a result of, or used to facilitate the

28  commission of, the defendant's illegal activities or the illegal activities of any conspirators.

### III.   THE GOVERNMENT'S OBLIGATIONS

**A.   Dismissals/Other Charges.**

The government agrees to move, at the time of sentencing, to dismiss without prejudice the original indictment, as to defendant GHARIB-DANESH only.  The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Plea), III.B.3 (Reduction of Sentence for Cooperation), VI.B (Estimated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

**B.   Recommendations.**

1.   Incarceration Range.

If defendant GHARIB-DANESH abides by all of her terms of pre-trial release and is not placed in custody pre-trial or pre-sentencing as a result of any violation of her release conditions, then the government agrees to recommend that if the defendant's guideline range, after all adjustments, falls within:

i.   Zone A of the Sentencing Table, the government will recommend that the defendant be sentenced to three (3) years of probation;

ii.   Zone B of the Sentencing Table, then the government will recommend that the defendant be sentenced to three (3) years of probation with a condition of probation that the defendant serve the minimum term of the guideline range in home detention, to be paid by the defendant;

iii.   Zone C of the Sentencing Table, then the government will recommend that the defendant be sentenced to imprisonment for half of defendant's minimum term with a term of supervised release which includes the remainder of the minimum term served in home detention, to be paid by the defendant; or

iv.   Zone D of the Sentencing Table, the government will recommend that the defendant be sentenced to imprisonment at the low end of the applicable guideline range.

2.   Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a

PLEA AGREEMENT – GHARIB-DANESH            6

1  three-level reduction (if the offense level reaches 16) in the computation of her offense level if the

2  defendant clearly demonstrates acceptance of responsibility for her conduct as defined in U.S.S.G.

3  § 3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation

4  of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise

5  engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either

6  in the preparation of the pre-sentence report or during the sentencing proceeding.

7              3.      Reduction of Sentence for Cooperation.

8        The government agrees to recommend at the time of sentencing that the defendant GHARIB-

9  DANESH's sentence of imprisonment be reduced by up to 50% of the applicable guideline sentence if

10  she provides substantial assistance to the government, pursuant to U.S.S.G. § 5K1.1.  The defendant

11  understands that she must comply with paragraphs II.F and not violate this plea agreement as set forth in

12  paragraph II.E herein.  The defendant understands that it is within the sole and exclusive discretion of

13  the government to determine whether the defendant has provided substantial assistance.

14        The defendant understands that the government may recommend a reduction in her sentence of

15  less than 50% or no reduction at all; depending upon the level of assistance the government determines

16  that the defendant has provided.

17        The defendant further understands that a motion pursuant to U.S.S.G. § 5K1.1 is only a

18  recommendation and is not binding on the Court, that this plea agreement confers no right upon the

19  defendant to require that the government make a § 5K1.1 motion, and that this plea agreement confers

20  no remedy upon the defendant in the event that the government declines to make a § 5K1.1 motion.  In

21  particular, the defendant agrees not to try to file a motion to withdraw her guilty plea based on the fact

22  that the government decides not to recommend a sentence reduction or recommends a sentence

23  reduction less than the defendant thinks is appropriate.

24        If the government determines that the defendant has provided further cooperation within one

25  year following sentencing, the government may move for a further reduction of her sentence pursuant to

26  Rule 35 of the Federal Rules of Criminal Procedure.

27              **C.**      **Use of Information for Sentencing.**

28        The government is free to provide full and accurate information to the Court and Probation,

including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, her attorney, Probation, or the Court.  The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

Further, other than as set forth above, the government agrees that any incriminating information provided by defendant GHARIB-DANESH during her cooperation will not be used in determining the applicable guideline range, pursuant to U.S.S.G. § 1B1.8, unless the information is used to respond to representations made to the Court by the defendant, or on her behalf, that contradict information provided by the defendant during her cooperation.

## IV.   **ELEMENTS OF THE OFFENSE**

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty,

### 18 U.S.C. § 1347 -  Health Care Fraud

The Elements of the crime of Health Care Fraud are:

| | |
|---|---|
| First: | The defendant knowingly devised or participated in a scheme to defraud California workers' compensation fund and/or private workers' compensation insurers or to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of California workers' compensation fund and/or private insurers in connection with the delivery of or payment for health care benefits, items, or services; |
| Second: | The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property; |
| Third, | The defendant acted willfully and with the intent to defraud; and |
| Fourth, | California workers' compensation was a public plan or contract, affecting commerce, under which medical benefits, items, or services were provided to any individual. |

### 18 U.S.C. § 2(a) – Aiding and Abetting

A defendant may be found guilty of health care fraud, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of health care fraud by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First,        health care fraud was committed by someone;

Second,       the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of health care fraud;

Third,        the defendant acted with the intent to facilitate health care fraud; and

Fourth,       the defendant acted before the crime was completed.

The defendant fully understands the nature and elements of the crime charged in the Superseding Information to which she is pleading guilty, together with the possible defenses thereto, and have discussed them with her attorney.

## V.      MAXIMUM SENTENCE

### A.      Maximum Penalty.

Defendant GHARIB-DANESH understands that the maximum sentence that the Court can impose is ten years of incarceration, a fine of $250,000, a three-year period of supervised release and a special assessment of $100.  If defendant GHARIB-DANESH is eligible for probation, the maximum term of probation that the court could impose is five years.  By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct.  The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which she is pleading guilty.  The defendant further agrees, as noted above, that she will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B.      Violations of Supervised Release or Probation.

Defendant GHARIB-DANESH understands that if she violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two additional years imprisonment.  Defendant GHARIB-DANESH further understands that if she violates a condition of probation at any time during a term of probation, the Court may revoke the sentence of probation and resentence the defendant to any sentence that was originally available for the defendant's crime.

## VI.   **SENTENCING DETERMINATION**

### A.   **Statutory Authority.**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence.  The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B.   **Estimated Guideline Calculation.**

The government and defendant GHARIB-DANESH agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

1.   Base Offense Level:  6 [U.S.S.G. § 2B1.1(a)(2)]

2.   Acceptance of Responsibility:  See paragraph III.B.2 above

3.   Departures or Other Enhancements or Reductions:

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references, except that the government may move for a departure or an adjustment based on the defendant's cooperation (§ 5K1.1) or post-plea obstruction of justice (§ 3C1.1).  Both parties agree not to move for, or argue in support of, any departure from the Sentencing Guidelines, or any deviance or variance from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005) to a level that is less than the parties' agreement on Estimated Guideline Calculations.

Defendant GHARIB-DANESH also agrees that the application of the United States Sentencing Guidelines to her case results in a reasonable sentence and that the defendant will not request that the Court apply the sentencing factors under 18 U.S.C. § 3553 to arrive at a different sentence than that

called for under the Sentencing Guidelines' advisory guideline range as determined by the Court to a level that is less than the parties' agreement on Estimated Guideline Calculations.  The defendant acknowledges that if the defendant requests or suggests in any manner a different sentence than what is called for under the advisory guideline range as determined by the Court, that will be considered a violation of the plea agreement. The government's remedies and remaining obligations in this agreement shall be as outlined in paragraph II.E, above.

## VII.   WAIVERS

### A.   Waiver of Constitutional Rights.

The defendant understands that by pleading guilty she is waiving the following constitutional rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on her behalf; (e) to confront and cross-examine witnesses against her; and (f) not to be compelled to incriminate herself.

### B.   Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives a defendant a right to appeal its guilty plea, conviction, and sentence.  The defendant agrees as part of her plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum for the offense to which she is pleading guilty.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case.  The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate her plea, dismiss the underlying charges, or modify or set aside its sentence on any of

PLEA AGREEMENT – GHARIB-DANESH          11

the counts to which she is pleading guilty, the government shall have the rights set forth in Section II.E herein.

**C.     Waiver of Attorneys' Fees and Costs.**

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

**D.     Impact of Plea on Defendant's Immigration Status.**

The defendant recognize that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her removal from the United States.

## VIII.     ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

///
///
///
///
///
///

## IX.   APPROVALS AND SIGNATURES

**A.   Defense Counsel.**

I have read this plea agreement and have discussed it fully with my clients.  The plea agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated:  6-28-18

_____
RICHARD ALAN MOSS
Attorney for Defendant

Dated:  7.3.18

_____
DANIEL A. BACON,
Attorney for Defendant

**B.   Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.  Finally, I am satisfied with the representation of my attorney in this case.

Dated:
June 28, 2018

_____
BAHAR GHARIB-DANESH
Defendant

////
////
///
///
///

PLEA AGREEMENT – GHARIB-DANESH                    13

**C.**   **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated:   *July 5, 2018*                    McGREGOR W. SCOTT
                                           United States Attorney


                                           _____
                                           MARK J. McKEON
                                           Assistant United States Attorney

PLEA AGREEMENT – GHARIB-DANESH                        14

APPENDIX "A"

Factual Basis for Plea

Health Care Fraud was committed by N.E.. She was a chiropractor, practicing in Bakersfield.

N.E. improperly submitted claims for payment for medical-legal reports written by her, ML 102 and ML 103, under circumstances when her writing a medical-legal report and her billing for it were not authorized by California law. The following of proper procedures for writing and billing for medical-legal reports in a particular case was material to the decisions of the insurers on whether to pay the claims.

In furtherance of the scheme to defraud, N.E. submitted claims in the approximate aggregate amount of $5,686.79 in connection with public plans or contracts affecting commerce under which medical benefits, items or services were provided to any beneficiary, as set forth in Appendix "B" below.

N.E. acted at all times willfully and with the intent to defraud.

Defendant GHARIB-DANESH aided, counseled, commanded, induced or procured N.E. with respect to at least one element of health care fraud, that is GHARIB-DANESH directed her staff to forward to a third-party billing agency the superbills provided by N.E. for the purpose of preparing CME 1500 forms for N.E. Defendant GHARIB-DANESH acted before the crime was completed, that is, before the claims were submitted. Defendant GHARIB-DANESH was aware of a high probability that claims submitted by her for N.E. were false and she deliberately avoided learning and/or recklessly disregarded the truth that the bills fraudulently claimed payment for medical-legal reports using codes ML 102 and ML 103.

PLEA AGREEMENT – GHARIB-DANESH

APPENDIX "B"

| Insurance Company | Aggregate Claims Amount |
|---|---|
| State Compensation Insurance Fund | $ 2,806.34 |
| Zenith Insurance Company | $ 2,068.49 |
| Employers Compensation Insurance Company | $ 811.96 |
| **Total** | $ 5,686.89 |

PLEA AGREEMENT – GHARIB-DANESH